UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

In re:

                                                      Case No. 13-32097 PP

Daniel J. Stebnitz                                 Chapter 7
       Debtor

_____

Michael F. Dubis, Trustee in Bankruptcy
208 E. Main Street
Waterford, WI 53185,

       Plaintiff

       v.                                             Adversary No.

Joshua B. Stebnitz
2649 Lakewood Drive
Dyer, IN 46311,

Nichole M. Salazar
52 Turnbridge Drive
Lumberton, NJ 08048,

Molly J. Stebnitz
324 S. Terrace Street
Delavan, WI 53115,

and

Kathi J. Stebnitz
324 S. Terrace Street
Delavan, WI 53115,

       Defendants

_____

COMPLAINT

_____

NOW COMES the plaintiff, Michael F. Dubis, Trustee in Bankruptcy, by and through his attorneys, Stafford Rosenbaum LLP, and for his complaint against the defendants alleges as follows:

## JURISDICTION AND VENUE

1. This action is a civil proceeding arising under Title 11, United States Code (the "Bankruptcy Code"), or arising in or related to a case under the Bankruptcy Code within the meaning of Title 28 United States Code § 1334(b). The action is brought pursuant to §§ 544(b) and 550 of the Bankruptcy Code and the laws of the State of Wisconsin to avoid and/or recover a certain transfer of property of the Debtor, Daniel J. Stebnitz (the "Debtor"), made prior to the commencement of the Debtor's bankruptcy.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and/or (H).

3. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

4. On September 10, 2013, the Debtor filed with this Court a Voluntary Petition for Relief under Chapter 7 of Title 11, United States Code.

5. Plaintiff, Michael F. Dubis, is the duly-appointed and acting Trustee in Bankruptcy for the above-named Debtor.

6. Upon information and belief, defendant, Joshua B. Stebnitz, is an adult resident of State of Indiana, residing at 2649 Lakewood Drive, Dyer, Indiana 46311. He is the son of Daniel J. Stebnitz and Kathi J. Stebnitz.

7. Upon information and belief, defendant, Nichole M. Salazar, is an adult resident of the State of New Jersey, residing at 52 Turnbridge Drive, Lumberton, NJ 08048. She is the daughter of Daniel J. Stebnitz and Kathi J. Stebnitz.

8. Upon information and belief, defendant, Molly J. Stebnitz, is an adult resident of the State of Wisconsin, residing at 324 South Terrace Street, Delavan, Wisconsin 53115. She is the daughter of Daniel J. Stebnitz and Kathi J. Stebnitz.

9. Upon information and belief, defendant, Kathi J. Stebnitz is an adult resident of the State of Wisconsin, residing at 324 South Terrace Street, Delavan, Wisconsin 53115.

10. On April 12, 2005, the Debtor entered into a Members' Operating Agreement with David S. Stebnitz and Gary C. Stebnitz to form Spirit Valley Camp, LLC, a Wisconsin limited liability company. A true and correct copy of the April 12, 2005 Members' Operating Agreement for Spirit Valley Camp, LLC is attached hereto as **Exhibit 1**.

11. Pursuant to the terms of the Members' Operating Agreement, the purpose of Spirit Valley Camp, LLC is "to acquire, hold title to and provide for the usage and succession of certain real property located in the Town of Tomahawk, Lincoln County, Wisconsin . . . ." Ex. 1, ¶ 4.

12. Exhibit B to the Operating Agreement identifies the property held by Spirit Valley Camp, LLC (hereinafter the "Property") as follows:

The Southeast Quarter of the Southeast Quarter (SE ¼ SE ¼), Section Thirty (30), Township Thirty-four (34), Range Four (4) East.

Parcel ID No. 030-3404-304-9996

SW ¼, SE ¼, T-30-15, Section 30-34-04, Town of Tomahawk, County of Lincoln, Wisconsin.

Parcel ID No. 030-3404-304-9997

The Northwest Quarter of the Southeast Quarter (NW ¼ - SE ¼), Section Thirty (30), Township Thirty-Four (34), Range Four (4) East.

Parcel ID No. 030-3404-304-9998

Exhibit 1, Ex. B.

13. Pursuant to the terms of the Members Operating Agreement, the Debtor held a 33 1/3% ownership interest in Spirit Valley Camp, LLC, and thus, a 33 1/3% in the Property (hereinafter "Debtor Interest"). Ex. 1, ¶ 5.

14. The Members Operating Agreement provides that a "Member may gift or otherwise transfer his interest to one or more of the beneficiaries designated on Exhibit "D" at any time. Ex. 1, ¶ 19.

15. The Debtor was previously married to defendant, Kathi J. Stebnitz, which marriage ended in a divorce, Walworth County Circuit Court Case No. 08-FA-210 (hereinafter the "Divorce Proceedings"). The court entered its Findings of Fact, Conclusions of Law, and Judgment of Divorce in the Divorce Proceedings on November 17, 2008. A true and correct copy of the Findings of Fact, Conclusions and Law and

Judgment of Divorce and the Marital Settlement Agreement incorporated therein, is attached hereto as **Exhibit 2**.

16. The parties agreed to a division of property as set forth in the Marital Settlement Agreement incorporated into the Findings of Fact, Conclusions of Law and Judgment of Divorce. Specifically, the parties agreed that Kathi J. Stebnitz would receive the following Cash Payments:

1. Seventy Thousand Dollars ($70,000.00) plus 6% interest payable over five (5) years, payable monthly in the amount of $1,353.30 to commence November 9, 2008. The respondent may pre-pay, and shall not be considered in contempt if he misses a payment so long as he is at least on schedule for making 60 monthly payments.

2. Two Thousand Dollars ($2,000.00) per month commencing November 9, 2008, and monthly thereafter for ten (10) years with no interest. These payments shall terminate upon the remarriage of the petitioner regardless of the amount of the balance due.

Ex. 2, Marital Settlement Agreement, § II(f).

17. On or about June 29, 2012, Kathi J. Stebnitz filed an Affidavit in the Divorce Proceedings in support of Petitioner's Order to Show Cause seeking to have the Debtor found in contempt. A true and correct copy of the Affidavit of Kathi J. Stebnitz is attached hereto as **Exhibit 3**.

18. In her affidavit, Kathi J. Stebnitz averred that the Debtor had failed to comply with the agreed upon property division, particularly with § II(f) of the Marital Settlement Agreement. She also asserted that the Debtor owed her unfulfilled property division payments totaling $209,500. Ex. 3, ¶¶ 6-13.

19. On December 14, 2012, the parties appeared before the Honorable Thomas F. Meyer in the Divorce Proceedings. The parties indicated to the Court that the pending Motion for Contempt of Kathi J. Stebnitz had been resolved by an agreement of the parties. A true and correct copy of the Order resulting from the parties' agreement and the December 14, 2012 hearing is attached hereto as **Exhibit 4**.

20. In part, the Order states that to resolve the Motion for Contempt:

> The Respondent shall convey his fractional interest in real estate owned by him in Lincoln County, Wisconsin in equal shares to the parties' adult children without expense to the Petitioner, on or before December 31, 2012.

Ex. 4, ¶ 1.

21. On December 31, 2012, the Debtor transferred his interest in Spirit Valley Camp, LLC and any capital or property owned thereby, to his children, Nichole M. Salazar, Joshua D. Stebnitz and Molly J. Stebnitz, in equal shares (hereinafter the "Transfer"). A true and correct copy of the Amendment to Members' Operating Agreement indicating the transfer of the Debtor's Interest is attached hereto as **Exhibit 5**.

22. At the time of the Transfer and thereafter, defendants Nichole M. Salazar, Joshua D. Stebnitz and Molly J. Stebnitz are the children of the Debtor.

23. Upon information and belief, Nichole M. Salazar, Joshua D. Stebnitz and Molly J. Stebnitz did not provide any consideration to the Debtor in exchange for the Transfer.

24. At the time of the Transfer there were creditors of the Debtor that had (and still have) claims against the Debtor that rendered the Debtor insolvent.

25. Upon information and belief, at the time of the Transfer, the defendants knew or had reason to know that the Debtor was insolvent.

26. Upon information and belief, the Debtor executed the Transfer with the express intent to defraud an existing creditor and thereby shield this interest from creditors.

## Cause of Action Pursuant to 11 U.S.C. § 547(b)(4)

27. Plaintiff restates and realleges paragraphs 1 through 26 above as though fully set forth herein.

28. Because the Debtor's assignment of his membership interest in Spirit Valley Camp, LLC to Nichole M. Salazar, Joshua B. Stebnitz and Molly J. Stebnitz was: 1) made for the benefit of creditor, Kathi J. Stebnitz; and 2) made for an antecedent debt of the Debtor; and 3) made between 90 days and one year before the filling of the Debtor's petition; and 4) the creditor at the time of the Transfer was an insider; and 5) the Transfer allowed the creditor to receive more than she otherwise would have, the trustee is entitled to avoid the transfers pursuant to 11 U.S.C. § 547(b).

29. Pursuant to 11 U.S.C. § 551, the avoided transfer is automatically preserved for the benefit of the bankruptcy estate.

30. Pursuant to 11 U.S.C. § 550(a), the trustee may be entitled to recover the property transferred or the value of the interest transferred, as of the transfer date, from the defendant(s).

### Cause of Action Pursuant to 11 U.S.C. § 548(a)(1)(A)

31.     Plaintiff restates and realleges paragraphs 1 through 30 above as though fully set forth herein.

32.     Because the Debtor's transfer of his interest in Spirit Valley Camp, LLC to Nichole M. Salazar, Joshua B. Stebnitz and Molly J. Stebnitz was: 1) made to the defendant(s) and; 2) made within 2 years of the debtors' bankruptcy filing and; 3) upon information and belief, made with actual intent to hinder, delay, or defraud any entity to which the debtors were, or became, on or after the date that such transfer was made, indebted, the trustee is entitled to avoid the transfers pursuant to 11 U.S.C. § 548(a)(1)(A).

33.     Pursuant to 11 U.S.C. § 551, the avoided transfer is automatically preserved for the benefit of the bankruptcy estate.

34.     Pursuant to 11 U.S.C. § 550(a), the trustee may be entitled to recover the property transferred or the value of the interest transferred, as of the transfer date, from the defendant(s).

### Cause of Action Pursuant to 11 U.S.C. § 548(a)(1)(B)

35.     Plaintiff restates and reallages paragraphs 1 through 34 above as though fully set forth herein.

36.     Because the Debtor's transfer of his interest in Spirit Valley Camp, LLC to Nichole M. Salazar, Joshua B. Stebnitz and Molly J. Stebnitz was: 1) made within 2 years of the Debtor's bankruptcy filing and; 2) the Debtor did not receive a reasonably

equivalent value in exchange for his transfer of interest and; 3) because the Transfer was made to or for the benefit of insiders, , the trustee is entitled to avoid the transfer pursuant to 11 U.S.C. § 548(a)(1)(B).

37.     Pursuant to 11 U.S.C. § 551, the avoided transfer is automatically preserved for the benefit of the bankruptcy estate.

38.     Pursuant to 11 U.S.C. § 550(a), the trustee may be entitled to recover the property transferred or the value of the interest transferred, as of the transfer date, from the defendant(s).

## Cause of Action Pursuant to 11 U.S.C. § 544 / Wis. Stat. § 242.04

39.     Plaintiff restates and realleges paragraphs 1 through 38 above as though fully set forth herein.

40.     Pursuant to 11 U.S.C. § 544(a)(1) – (3), the trustee has the rights and powers of a hypothetical judicial lien holder, the holder of an unsatisfied execution or a bona fide purchaser of real property.  Pursuant to 11 U.S.C. § 544(b)(1), the trustee may avoid a transfer of the debtor's property that is voidable by a creditor holding an allowable unsecured claim.  Pursuant to Wis. Stat. § 242.07(1)(a), a fraudulent transfer, as defined below, is subject to avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.  Pursuant to Wis. Stat. § 242.07(1)(c)(3), a creditor to whom a fraudulent transfer has been made, may obtain, "[a]ny other relief the circumstances may require."

41. Because Debtor's transfer of his interest in Spirit Valley Camp, LLC to Nichole M. Salazar, Joshua B. Stebnitz and Molly J. Stebnitz was made, upon information and belief, with actual intent to hinder, delay or defraud a creditor of the debtor, the Transfer was fraudulent as to his creditors whose claims arose before or after the transfer was made pursuant to Wis. Stat. § 242.04(1)(b).

42. Because the Debtor did not receive reasonably equivalent value in exchange for the transfer of his interest in Spirit Valley Camp, LLC to Nichole M. Salazar, Joshua B. Stebnitz and Molly J. Stebnitz (Wis. Stat. § 242.04(1)(b)), and the Debtor intended to incur, or believed, or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due (Wis. Stat. § 242.04(1)(b)(2)), the Transfers was fraudulent as to the Debtor's creditors whose claims arose before or after the transfer was made pursuant to Wis. Stat. § 242.04(1)(b).

43. As a result, the trustee is entitled, pursuant to his status as a hypothetical judicial lien holder, his status as the holder of an unsatisfied execution, his status as a bona fide purchaser of real property, or his status as a hypothetical creditor holding an unsecured claim, to avoid the transfer of the Debtor's interest in Spirit Valley Camp, LLC to Nichole M. Salazar, Joshua B. Stebnitz and Molly J. Stebnitz, pursuant to 11 U.S.C. § 551, said interest is preserved for the bankruptcy estate.

44. Pursuant to 11 U.S.C. § 550(a), the trustee may be entitled to recover the property transferred or the value of the interest transferred, as of the transfer date, from the defendant(s).

L:\DOCS\025771\000003\PLEAD\35P3585.DOCX
0109151632

10

Case 13-32097-mdm    Doc 39    Filed 01/09/15    Page 10 of 13

## Cause of Action Pursuant to 11 U.S.C. § 544 / Wis. Stat. § 242.05

45. Plaintiff restates and realleges paragraphs 1 through 44 above as though fully set forth herein.

46. Because the Debtor 1) assigned his interest in Spirit Valley Camp, LLC to insiders – his children – for an antecedent debt; and 2) the Debtor was insolvent at the time of the transfer; and 3) the defendant(s) knew or had reasonable cause to believe the Debtor was insolvent at the time of the Transfer, pursuant to Wis. Stat. § 242.05(2), the assignment of the Debtor's interest in Spirit Valley Camp, LLC to Nichole M. Salazar, Joshua B. Stebnitz and Molly J. Stebnitz was fraudulent as to his creditors whose claims arose prior to the time of the transfer.

47. As a result, the trustee is entitled, pursuant to his status as a hypothetical judicial lien holder, his status as the holder of an unsatisfied execution, his status as a bona fide purchaser of real property, or his status as a hypothetical creditor holding an unsecured claim, to avoid the transfer of the Debtor's membership interest in Spirit Valley Camp, LLC to Nichole M. Salazar, Joshua B. Stebnitz and Molly J. Stebnitz, and, pursuant to 11 U.S.C. § 551, said interest is preserved for the bankruptcy estate.

48. Pursuant to 11 U.S.C. § 550(a), the trustee may be entitled to recover the property transferred or the value of the interest transferred, as of the transfer date, from the defendants.

## Cause of Action for Unjust Enrichment

49. Plaintiff restates and realleges paragraphs 1 through 48 above as though fully set forth herein.

50. Citing Seventh Circuit precedent on unjust enrichment, the Bankruptcy Court for the Eastern District of Wisconsin has recently stated:

> In Wisconsin unjust enrichment is a legal cause of action governed by equitable principles. The action is grounded on the moral principle that one who has received a benefit has a duty to make restitution where retaining such a benefit would be unjust. To support a claim of unjust enrichment, a plaintiff must prove three elements: "(1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of the fact of such benefit, and (3) acceptance and retention by the defendant of the benefit, under circumstances such that it would be inequitable to retain the benefit without payment of the value thereof." If a plaintiff can satisfy each of these elements, damages are appropriate. Measurement of damages is "limited to the value of the benefit conferred on the defendant." *Pro-Pac, Inc. v. Chapes*, 456 B.R. 894, 918 (Bankr. E.D. Wis., 2011) (internal citations omitted).

51. In the present case, the defendants received a benefit (the Debtor's interest in Spirit Valley Camp, LLC, or in the case of Kathi Stebnitz, transfer of such interest for the benefit of her children) from the Debtor in whose shoes the trustee stands as plaintiff; the defendants plainly appreciate the fact of said benefit; defendants provided no consideration for the transfer at issue and retention of the benefit would be unjust under the circumstances of the Debtor's bankruptcy filing.

52. For the reasons stated above, defendants would be unjustly enriched if allowed to retain the transfer of the Debtor's interest in Spirit Valley Camp, LLC. The

L:\DOCS\025771\000003\PLEAD\35P3585.DOCX
0109151632

12

Case 13-32097-mdm    Doc 39    Filed 01/09/15    Page 12 of 13

trustee is therefore entitled to recover the monetary value of the same for the benefit of the estate.

WHEREFORE, the plaintiff respectfully requests judgment against the defendants as follows:

1. For the avoidance and preservation of the transfer of Daniel J. Stebnitz's interest in his membership interest in Spirit Valley Camp, LLC to defendants or the value of the same pursuant to Sections 548; 550; 547; of the Bankruptcy Code and/or applicable Wisconsin Statutes which the Trustee can avail himself under Section 544 of the Bankruptcy Code.

2. For a money judgment against defendants under an unjust enrichment theory.

3. For such other relief as the Court may find equitable and just.

Dated at Milwaukee, Wisconsin this _____ day of January, 2015.

By   /s/ Lawrence Clancy
Michael F. Dubis, Trustee, by his attorney
Lawrence Clancy
State Bar Number 1007530
Susan K. Allen
State Bar Number 1056757

1200 North Mayfair Road
Suite 430
Milwaukee, Wisconsin 53226-3282
lclancy@staffordlaw.com
sallen@staffordlaw.com
414.982.2850

L:\DOCS\025771\000003\PLEAD\35P3585.DOCX
0109151632

13

Case 13-32097-mdm    Doc 39    Filed 01/09/15    Page 13 of 13